UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:25-cr-80163

UNITED STATES OF AMERICA,

v.

PEDRO LUIS GARCIA SOTO

_____/

## FACTUAL BASIS

The United States Attorney's Office for the Southern District of Florida and Pedro Luis Garcia Soto, (hereinafter the "defendant") agree, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, that if this case were to proceed at trial, the United States would prove the following elements and facts beyond a reasonable doubt:

### Elements

### 18 U.S.C. § 841(a)(1)

(1)     The defendant knowingly possessed cocaine; and

(2)     The defendant intended to distribute the cocaine.

### 18 U.S.C. § 2252(a)(4)(B)

(1)     The defendant possessed matter that involved the use of minors engaged in sexually-explicit conduct;

(2)     The visual depiction had been either:

    a.     Transported in interstate or foreign commerce, or

    b.     Produced using material that had been transported in interstate or foreign commerce by computer or other means

(3)     The defendant knew the visual depiction portrayed sexually-explicit conduct; and

1

(4)     The defendant knew that the material depicted minors engaged in such conduct.

### 18 U.S.C. § 2252(a)(2)

(1)     The defendant knowingly received a visual depiction;

(2)     The depiction was shipped or transported in interstate or foreign commerce by any means including computer;

(3)     Producing the visual depiction involved using a minor engaged in sexually explicit conduct;

(4)     The depiction is of a minor engaged in sexually explicit conduct, and

(5)     The Defendant knew that at least one performer in the depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

### Facts

On October 6, 2025, at approximately 7:33 p.m., a tractor trailer owned by the defendant was stopped by Florida Highway Patrol (FHP) Commercial Vehicle Enforcement in Port Saint Lucie, Florida. The defendant was present in the vehicle when it was stopped by FHP and participated in a non-custodial interview. The defendant made false and misleading statements regarding his route during this non-custodial interview with FHP.

While FHP was conducting the commercial vehicle inspection, a certified narcotics Police Canine (K9) was deployed to perform a free air sniff of the exterior of the tractor trailer and alerted the presence of narcotics. The tractor trailer was then relocated to a secure lot where the contents could be emptied and secured. As the trailer was emptied, law enforcement observed a large piece of plastic covering the front wall of the trailer. The plastic was removed, and law enforcement discovered a hidden compartment in which they found approximately 147 kilograms of cocaine.

During the course of the drug trafficking investigation, law enforcement obtained a search warrant for the defendant's cellular telephone. The initial review of the cell phone identified that the defendant was in possession of child sexual abuse material ("CSAM"), and a follow-up search warrant was obtained related to that material. The subsequent forensic examination of the defendant's cell phone revealed images and videos containing CSAM depicting real minors under the age of 18 years old. The forensic review identified approximately one thousand eight hundred and twenty-one (1,821) images of CSAM and one hundred and twenty-eight (128) videos of CSAM. The defendant primarily received the material via Telegram. For example, on August 13, 2024, the defendant downloaded a video from Telegram showing a nude child, approximately 4 or 5 years old, engaged in sexually explicit conduct.

The defendant admits that he knowingly possessed visual depictions that were shipped or transported in interstate or foreign commerce by any means, including by computer. He admits that the production of the visual depictions involved using a prepubescent minor (or minor) engaged in sexually explicit conduct and that the depictions show a minor engaged in sexually explicit conduct. The defendant further admits that he knew that at least one performer in the depictions was a minor and he knew the depiction showed the minor engaged in sexually explicit conduct.

The foregoing events occurred in the Southern District of Florida. The facts described above are not intended to be a complete recitation of the facts of this case and are merely intended to form a basis for the defendant's knowing, willful, and intentional plea of guilty, and

3

the parties agree that these facts are sufficient to prove beyond a reasonable doubt that the defendant committed the offenses charged in the superseding information.

JASON A. REDING QUIÑONES
United States Attorney

Date: 4/23/26        By: _____
Suzanne Huyler
Assistant United States Attorney

Date: 4/23/26        By: _____
Gregg Lerman
Attorney for Defendant

Date: 4/23/26        By: _____
Pedro Luis Garcia Soto
Defendant

4